IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Keith Robertson                    *

v.                                 *        Civil Action No. CCB-17-3519

Nancy Spencer Grigsby,             *
Chapter 13 Trustee
                                   *
                                  ***

**Memorandum**

Keith Robertson appeals an order of the United States Bankruptcy Court for the District of Maryland denying his motion to reinstate his bankruptcy case under Federal Rules of Bankruptcy Procedure 9023 and 9006(b)(1). (Pet.'s Br. 1). For the reasons stated below, the bankruptcy court's decision will be affirmed.

**Background**

Robertson filed for Chapter 13 bankruptcy on June 28, 2017. Within three months, Robertson failed to appear at two scheduled proceedings, prompting filings from the Chapter 13 Trustee, Nancy Spencer Grigsby ("Trustee"), and the bankruptcy court.

First, the Trustee filed a motion to dismiss on August 21, 2017, after Robertson had to reschedule a meeting with his creditors. The motion claimed that Robertson failed to submit certain documents ahead of the meeting, failed to provide certain required documents, failed to begin payment under his proposed bankruptcy plan, and that the creditor meeting did not occur. (ECF No. 4 ("Record") at Ex. 16). Robertson claims that although he received the Trustee's motion, and opposed it, he failed to receive notice of the Trustee's response to his opposition. (Pet.'s Br. 2).

Robertson next missed his Chapter 13 bankruptcy plan confirmation hearing, causing, in part, the bankruptcy court to file an order on September 13, 2017, denying Robertson's proposed bankruptcy plan. (R. at Ex. 20). The court gave Robertson 14 days to convert his case to a different proceeding under the bankruptcy code, or to voluntarily dismiss his case. (*Id.*) If he did neither, the court warned, it may dismiss Robertson's case for failure to prosecute, without further notice or hearing. (*Id.*)

Robertson asked the court to reconsider its order to no avail. (R. at Ex. 21). The Trustee opposed his request noting several violations of the bankruptcy code and that Robertson's proposed plan would not have been confirmable even if he had attended the meeting with the creditors. (R. at Ex. 22). Robertson having neither converted his case nor voluntarily dismissed it, the bankruptcy court made good on its warning and dismissed Robertson's case on October 12, 2017, relying on its prior September 13, 2017, order. (R. at Ex. 24).

After unsuccessfully moving the bankruptcy court to reinstate his case in October and November of 2017, (R. at Ex. 27, 30), Robertson turned to this court for relief. He filed a notice of his appeal of the bankruptcy court's denial of his motion for reinstatement, (R. at Ex. 32),[1] on November 27, 2017. (R. at Ex. 33).

## Standard of Review

This court reviews decisions from the bankruptcy courts in the same manner the federal courts of appeals review decisions from the district courts. 28 U.S.C. § 158(c)(2). Thus, legal conclusions are reviewed *de novo*, factual findings are reviewed for clear error, *In re White*, 487

---

[1] Because the bankruptcy court denied reinstatement of Robertson's case more than once, (R. at Exs. 28, 32), it is not abundantly clear which order Robertson appeals. Nevertheless, in his notice of appeal Robertson states that he is appealing an order entered November 22, 2017, a date that matches closely the order in Exhibit 32 of the record signed and filed on November 21, 2017.

F.3d 199, 204 (4th Cir. 2007), and discretionary decisions are reviewed for abuse of discretion. A court "abuses its discretion when it (1) acts arbitrarily, as if neither by rule nor discretion, (2) fails to adequately . . . take into account judicially recognized factors constraining its exercise of discretion, or (3) rests its decision on erroneous factual or legal premises." *U.S. v. Alvarado*, 840 F.3d 184, 188-89 (4th Cir. 2016) (internal citation omitted).

**Analysis**

Robertson argues that the bankruptcy court's denial of his motion to reinstate his case under Federal Rules of Bankruptcy Procedure 9023 and 9006(b)(1) violated his due process rights, particularly because he is a pro se litigant. He argues that because he did not timely receive the Trustee's response to his opposition to the Trustee's motion to dismiss, he should have been granted more time to comply with the deficiencies the response noted.

Neither Rule 9023 nor Rule 9006(b)(1) support Robertson's position. Rule 9023 states, with a few inapplicable exceptions, that Federal Rule of Civil Procedure 59 applies to bankruptcy proceedings, and that "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. Rule 59 states that a court "may, on motion, grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law . . . or . . . a suit in equity in federal court." Fed. R. Civ. P 59. And Rule 9006(b)(1) instructs that:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). Because these rules describe what a bankruptcy court "may" do rather than "shall do," they did not require the bankruptcy court to excuse Robertson's deficiencies under the code but rather granted the court discretion to decide whether excusal was appropriate given his claim that he did not receive one of the Trustee's filings. *See Murphy v. Smith*, 138 S.Ct. 784,787-88 (2018) (noting that Congress affords judges discretion by "substitut[ing] 'may' for 'shall'" in statutory text). Here, there is nothing to indicate that the bankruptcy court abused its discretion when it decided that excusal was not appropriate.

Robertson argues that his case should have been reinstated because he did not receive the Trustee's response to his opposition to the Trustee's motion to dismiss. But the bankruptcy court did not dismiss his case as a result of the Trustee's motion to dismiss but rather as a consequence of Robertson's failure to comply with the court's own order denying Robertson's proposed plan. (R. at Ex. 24).[2] Considering this, and that Robertson takes no issue with the bankruptcy court's findings that his plan was insufficient and that he failed to comply with the court's order, this court has no reason to second-guess the bankruptcy court's use of discretion.[3]

Robertson's status as a pro se litigant does not affect this conclusion. Robertson argues that the bankruptcy court erred by dismissing his case without instructing how his case was deficient or how he might repair it. (Pet.'s Br. at 3). To be sure, pro se litigants are treated more

---

[2] Robertson argues that in denying his motion to vacate the order dismissing his case the court relied on the Trustee's response to his opposition to the motion to dismiss. Not so. In that order, the court referred only to the Trustee's response in Docket No. 32 of the bankruptcy case, which relates to the plaintiff's motion to reconsider the court's order rejecting his proposed plan and not the Trustee's response to Robertson's opposition to the motion to dismiss. (R. at Exs. 22, 28).

[3] Robertson also claims that the problems with his case were induced, in part, by the Trustee's failure to reschedule the Creditor's meeting under Bankruptcy Court Local Rule 5071-1(d)(2). But, like bankruptcy procedural rules 9006(b)(1) and 9023, this rule only grants a discretionary power, in this case to the Trustee to reschedule a meeting of the creditors. Thus, the Trustee was under no obligation to agree to Robertson's request. In any case, the Trustee did not hold the meeting in Robertson's absence, (R. at Ex. 16), and, because the bankruptcy court found that Robertson could never submit a sufficient plan under Chapter 13, it is not clear how attending the creditor's meeting could have affected the sufficiency of his proposed plan, (R. at Ex. 20).

liberally than counseled parties. *See, e.g.*, *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). But Robertson fails to show how the bankruptcy court failed to meet even the standard he would require. As already noted, the court did tell Robertson why his case was deficient—he had submitted an inadequate plan—and explained how he could avoid dismissal—by converting his case to a different bankruptcy chapter. Robertson was well apprised of his case's status, and was given time to remedy its problems. In short, he was given exactly what he claims he was due.

**Conclusion**

For the reasons stated above, the bankruptcy court's order denying Robertson's motion to amend the order of dismissal of his bankruptcy case is affirmed. A separate order follows.

　__March 6, 2018_ _____　　　　　　　　　_____/s/_____
　　　　　Date　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge